<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTHUR A. DEGEORGE,<br><br>Petitioner,<br><br>v.<br><br>JOHN MARINCOLA, et al.,<br><br>Claimants. | Civil Action No. 20-5594 (MAS) (LHG)<br><br>IN ADMIRALTY<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Claimant John Marincola's ("Claimant") Motion to Dismiss Petitioner Arthur A. DeGeorge's ("Petitioner") Complaint for Exoneration from or Limitation of Liability. (ECF No. 3.) Petitioner opposed. (ECF No. 4.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Claimant's Motion to Dismiss is denied.

**I.      BACKGROUND**

On May 24, 2018, Claimant allegedly tripped over a fishing line and sustained injuries while attempting to board Petitioner's personal boat at the Belmar Manutti Marina. (Compl. ¶ 6, ECF No. 1; Superior. Ct. Compl. ¶ 15, Ex. A to Compl., ECF No. 1-1.)[1] Petitioner alleges that the incident (1) was not "the result of any fault, negligence, unseaworthiness or lack of due care on [his] part," and (2) did not occur with his privity or knowledge. (*Id.* ¶¶ 8–9.)

---

[1] A "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (citations omitted).

On February 14, 2020, Claimant filed an action against Petitioner, among others, in the Superior Court of New Jersey asserting state common law claims of negligence. (*Id.* ¶ 11; *see generally* Superior Ct. Compl.) On May 6, 2020, Petitioner filed the present action seeking exoneration from, or limitation of, liability pursuant to the Exoneration and Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. (*See generally* Compl.) On July 6, 2020, Claimant filed the instant Motion to Dismiss for failure to state a claim. (ECF No. 3.) Claimant alternatively requests that the present matter be stayed pending resolution of the state court action. (*Id.*)

## II.   LEGAL STANDARD

Rule 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.   DISCUSSION

Claimant argues that Petitioner's Complaint should be dismissed because the pending state court action is not subject to the Limitation Act. (Claimant's Moving Br. 7–10, ECF No. 3-1.) Alternatively, Claimant argues that the present matter should be stayed pending resolution of the state court action pursuant the "savings to suitors" clause. (*Id.* at 10–12.)

### A.   The Limitation Act

The Limitation Act provides owners of vessels a means to limit their liability "for any claim, debt, or liability" if the incident occurred "without the privity or knowledge of the owner." 46 U.S.C. §§ 30505(a), (b). Whether a petitioner is entitled to limit his liability requires a two-part inquiry: (1) "what acts of negligence or conditions of unseaworthiness caused the accident"; and (2) "whether the owner of the vessel had knowledge or privity of these acts of negligence or conditions of unseaworthiness." *Garb v. Garb*, No. 18-11769, 2019 WL 6907495, at *2 (D.N.J. Dec. 19, 2019) (internal quotation marks and citation omitted). "The initial burden of proving negligence or conditions of unseaworthiness lies on the claimant; however, once this burden is satisfied, the burden of proof shifts to the shipowner to show an absence of 'privity or knowledge.'" *In re Complaint of Cirigliano*, 708 F. Supp. 101, 104 (D.N.J. 1989) (quoting *Coryell v. Phipps*, 317 U.S. 406, 411 (1943)).

3

To state a claim for exoneration from, or limitation of, liability under the Limitation Act, a vessel owner must allege: "(1) that he has been sued for some loss, damage or injury; (2) that the loss, damage or injury was without this privity or knowledge; and (3) that he wishes to claim the benefit of limitation of liability." *In re Complaint of Schnittger*, 431 F. Supp. 3d 109, 112 (E.D.N.Y 2019) (citation omitted).

Here, the Court finds that Petitioner has sufficiently pled a claim under the Limitation Act. First, Petitioner alleges that he is subject to a civil complaint filed by Claimant involving injuries allegedly sustained while trying to board his boat. (Compl. ¶ 11.) Next, Petitioner alleges that the incident (1) was not "the result of any fault, negligence, unseaworthiness or lack of due care on [his] part," and (2) did not occur with his privity or knowledge. (*Id.* ¶¶ 8–9.) Finally, Petitioner asserts that he seeks to limit his liability to not exceed the value of the boat. (*Id.* ¶ 18.)

In his Moving Brief, Claimant appears to argue that the Limitation Act does not apply to small recreational boats. (Claimant's Moving Br. 8.) While it is true that "Congress enacted the Limited Liability Act in 1851 to promote investment in the commercial shipping industry," the Supreme Court has since applied the Limitation Act to pleasure crafts. *Gorman v. Cerasia*, 2 F.3d 519, 523 n.3 (3d Cir. 1993) (citing *Coryell*, 317 U.S. 406). Therefore, contrary to Claimant's assertion, Petitioner's boat does qualify as a "vessel" subject to the Limitation Act.

Claimant also improperly attempts to raise arguments regarding the merits of the case. For example, according to Claimant, he "anticipates that the Belmar Manutti Marina will argue that it warned Petitioner" about the fishing line and that Petitioner negligently failed to remove or warn Claimant about the line. (Claimant's Moving Br. 9.) Adjudicating such a factual inquiry is inappropriate on a motion to dismiss. Indeed, the only case that Claimant cites in support of his argument that Petitioner, on these facts, is "charged with privity or knowledge" took place at the

4

summary judgment stage. (*Id.* (citing *In re Complaint of Cirigliano*, 708 F. Supp. at 104 (denying summary judgment).) "While the [C]ourt is aware that an owner who is in control of his own pleasure craft has a heavy burden of showing that he lacked 'privity or knowledge,' . . . the [C]ourt will not conclude otherwise prior to a factual development of the issue[.]" *Id.* (citation omitted). The Court, accordingly, denies Claimant's Motion to Dismiss for failure to state a claim.

      **C.**    **The "Savings to Suitors" Clause**

Section 1333(1) vests "federal courts [with] exclusive jurisdiction to determine whether a vessel owner is entitled to limited liability." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 442 (2001). Section 1331(1), however, also contains a "savings to suitors" clause, "which preserves common law rights in certain maritime cases, including the right to a jury trial." *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 132 (3d Cir. 1997) (citation omitted). "There is a conflict because '[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums.'" *Id.* (citation omitted).

To reconcile the "inherent conflict between these two statutory mandates," federal courts "have created two exceptions to [their] exclusive jurisdiction over limitations proceedings." *Gorman v. Ceraisa*, 2 F.3d 519, 524 (3d Cir. 1993) (internal quotation marks and citation omitted). "The first arises when the value of the vessel and its freight exceeds that of all claims, that is, the fund is adequate to cover all claims filed against the owner." *Consolidation Coal*, 123 F.3d at 132 (citation omitted). "The second exception arises when there is only one claimant whose claim exceeds the value of the vessel and its freight." *Id.* (footnote omitted).

Here, Claimant relies on *Langnes v. Green*, 282 U.S. 531, 533 (1931), to support his argument that the present matter should be stayed pending resolution of the state court action. (Claimant's Moving Br. 10–11.) Claimant's reliance on *Langnes* is misplaced because, as

5

Claimant correctly observes, *Langnes* involved facts invoking the second exception to exclusive jurisdiction: only one claimant whose claim exceeds the value of the vessel. (*Id.* at 11 (citing *Langnes*, 282 U.S. at 540–42)); *Langnes*, 282 U.S. at 533. Here, however, Petitioner is facing claims asserted by Claimant in addition to cross-claims asserted by the Belmar Manutti Marina. (*See* Answer & Cross-Cls., Ex. B to Pet'r's Compl., ECF No. 4-2.) The second exception is therefore inapplicable. The Court, accordingly, finds that the "savings to suitors" clause does not apply in this matter.[3]

## IV.   CONCLUSION

For the reasons set forth above, Claimant's Motion to Dismiss is denied. The Court will enter an Order consistent with this Memorandum Opinion.

/S/ Michael A. Shipp, U.S.D.J.
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Claimant does not argue that the first exception—the vessel's value adequately covers all claims filed against the owner—applies in this case.